United States District Court
Southern District of Texas

**ENTERED**

July 24, 2017

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                                 §
                                       §
HASSELL 2012 JOINT VENTURE,            §            CIVIL ACTION H-16-3220
                                       §
      *Debtor.*                        §

### MEMORANDUM OPINION AND ORDER

Pending before the court are (1) an appeal filed by appellant R. Hassell Holding Co., Inc. ("RHHC") (Dkt. 8 (appellant brief)); and (2) a motion to strike materials RHHC attached to its appellant's brief that were not part of the record on appeal filed by appellees James C. Hassell, Hassell Construction Company, Inc., and Hassell Management Services, L.L.C. (collectively, "HCCI") (Dkt. 11).  After considering the motion to strike and applicable law, the court is of the opinion the motion (Dkt. 11) should be GRANTED.  After considering the appellate briefs and record evidence, the court is of the opinion that the Bankruptcy Court's order granting summary judgment should be AFFIRMED IN PART and otherwise REMANDED FOR ADDITIONAL FINDINGS OF FACT.

### I. BACKGROUND

On February 5, 2016, RHHC filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Hassell 2012 Joint Venture (the "Joint Venture" or the "Alleged Debtor").  Dkt. 5-2 at 322.  On June 2, 2016, HCCI moved for summary judgment on the involuntary bankruptcy petition, asserting that RHHC lacked evidence to support an essential element of the petition.  *See* Dkt. 10 ; *see also* Dkt. 2-2 at 385 (motion for summary judgment); Dkt. 2-2 at 835 (memorandum opinion relating to order granting summary judgment); Dkt. 2-2 at 854 (order granting summary

judgment).   On September 23, 2016, the Bankruptcy Court granted the motion for summary judgment, holding that RHHC failed to present sufficient evidence that the Alleged Debtor was failing to pay undisputed debts as they came due.  Dkt. 10; *see also* Dkt. 2-2 at 835.  RHHC moved for reconsideration, and the Bankruptcy Court denied the motion.  Dkt. 10; *see also* Dkt. 2-2 at 880 (motion to reconsider); Dkt. 2-2 at 911 (order denying motion to reconsider).  RHHC timely filed a notice of appeal.  Dkt. 1.  RHHC filed its appellant's brief on January 26, 2017.  Dkt. 8.  HCCI filed its appellee's brief on February 24, 2017, and RHHC filed a reply on March 10, 2017.  Dkts. 10, 12.  The appeal in now ripe for consideration.

## II.  MOTION TO STRIKE

HCCI filed a motion to strike on February 24, 2017.  Dkt. 11.  In this motion, HCCI asserts that the appendix filed with RHHC's appellant brief contained a document that is not part of the record on appeal.  *Id.* (citing Dkt. 9).  HCCI specifically takes issue with Appendix Item 6, which is a request for abstract of judgment.  *See id.*; *see also* Dkt. 9-6 (the contested document).  RHHC did not file a response to the motion to strike.  Under Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."  S.D. Tex. L.R. 7.4.  The court therefore deems the motion to strike unopposed.  HCCI's motion to strike (Dkt. 11) is GRANTED.  The court will not consider Appendix Item 6 when considering RHHC's appeal.

## III.  APPEAL

This is an involuntary bankruptcy case.  Under 11 U.S.C. § 303(b), an "involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of [the Bankruptcy Code], . . . [i]f such person is a partnership[,] . . . by fewer than all of the general partners in such partnership; or . . . if relief has been ordered under [the Bankruptcy Code] with respect to all of the general partners in such partnership, by a general partner in such

partnership, the trustee of such a general partner, or a holder of a claim against such partnership."

11 U.S.C. § 303(b).   Under 11 U.S.C. § 303(h), a Bankruptcy Court may order relief in an

involuntary case only if "the debtor is generally not paying such debtor's debts as such debts become

due unless such debts are the subject of a bona fide dispute as to liability or amount; or . . . within

120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or

agent appointed or authorized to take charge of less than substantially all of the property of the

debtor for the purpose of enforcing a lien against such property, was appointed or took possession."

11 U.S.C. § 303(h).   The determination of whether a debtor is "generally not paying" its debts as they

become due is made as of the date the original petition is filed.   *In re Sims*, 994 F.2d 210, 222 (5th

Cir. 1993).   Courts consider various factors in determining whether a debtor is generally not paying

its debts, including (1) "the number and amount of the unpaid debts in relation to the size of the

debtor's operation"; (2) "the age and number of unpaid debts"; (3) "the total amount of

indebtedness"; and (4) "the number of unpaid creditors."   *In re Arriola Energy Corp.*, 74 B.R. 784,

790 (S.D. Tex. 1987) (Bue, J.).   Another court sums up the factors as follows: "(1) the number of

unpaid claims; (2) the amount of such claims; (3) the materiality of the non-payments; and (4) the

debtor's overall conduct in her financial affairs."   *In re Moss*, 249 B.R. 411, 422 (N.D. Tex. Bankr.

2000).

By the time HCCI moved for summary judgment, the Bankruptcy Court had held that the

Joint Venture was a general partnership and that RHHC was eligible to file an involuntary

bankruptcy petition under § 303(b)(3) of the Bankruptcy Code.   Dkt. 8.   The issue on summary

judgment was whether, under § 303(h)(1), the Joint Venture was "generally not paying such debtor's

debts as such debts [became] due unless such debts are the subject of a bona fide dispute as to

liability or amount."   *Id.* (quoting § 303(h)(1)).   The Bankruptcy Court determined that "the ratio of

3

delinquent to current debts is not supportive of a pattern of the [Joint Venture] generally not paying its debts as they become due.  Furthermore, the totality of the circumstances reflects that the few debts remaining as of the petition date reflect a pattern of payment of debts by the [Joint Venture]." Dkt. 2-2 at 852.  The Bankruptcy Court ultimately held that RHHC had "not demonstrated that the [Joint Venture] was not paying its undisputed debts as they became due" and accordingly granted summary judgment in HCCI's favor.  *Id.* at 852–54.

RHHC presents the following issues for appellate review: (1) whether the Bankruptcy Court erred in finding that the summary judgment burden shifted to RHHC; (2) the Bankruptcy Court incorrectly determined that RHHC had the burden to amend the bankruptcy schedules; (3) whether the Bankruptcy Court erred in concluding that the amended schedules had any probative value in light of the disclaimers contained within the amended schedules; (4) whether the Bankruptcy Court erred in its conclusion that debts that were the subject of litigation and arbitration were subject to a bona fide dispute; (5) whether the Bankruptcy Court's findings of fact and conclusions of law relating to current and delinquent debts remaining as of the petition date are clearly erroneous; (6) whether the Bankruptcy Court's finding that there was no evidence that the McCain debt was due as of the petition date is incorrect; (7) whether the Bankruptcy Court should have taken into consideration an outstanding claim by the U.S. Department of Labor; (8) whether the Bankruptcy Court's finding that the ratio of debts due as of the petition date to debts that were not due as of the petition date was 47% to 53% is incorrect; (9) whether the Bankruptcy Court inappropriately allowed HCCI to submit new evidence with their reply brief without giving RHHC an opportunity to examine and respond to the new evidence; and (10) whether the Bankruptcy Court incorrectly failed to find and conclude the RHHC satisfied its burden of showing there is a genuine issue of fact for trial.  Dkt. 8 at 3–4.

4

HCCI argues that the Bankruptcy Court properly granted its motion for summary judgment for the following reasons: (1) HCCI satisfied its burden by identifying a portion of the record that suggests RHHC could not satisfy its burden of proof; (2) the Bankruptcy Court correctly excluded debts subject to a bona fide dispute and debts that were not outstanding as of the petition date; (3) the Bankruptcy Court correctly concluded that there was insufficient evidence that the Joint Venture was generally not paying its undisputed debts as they came due as of the petition date; and (4) the Bankruptcy Court properly considered the summary judgment evidence attached to the reply, as RHHC had ample to time to respond to the rebuttal evidence and did not do so.  Dkt. 10.

The court will first set forth the legal standard for reviewing a Bankruptcy Court's order, and then it will analyze each of the alleged points of error.

## A.    Standard of Review

In reviewing a decision of the Bankruptcy Court, this court functions as an appellate court, applying the standards of review generally applied in federal appeals courts.  *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103–04 (5th Cir. 1992); *see also Coston v. Bank of Mavren* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (en banc) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)).  This court generally reviews orders granting summary judgment *de novo*, "guided by the same standard as the Bankruptcy Court: Federal Rule of Civil Procedure 56."  *In re Camey*, 258 F.3d 415, 418 (5th Cir. 2001) (citing *Stults v. Conoco. Inc.*, 76 F.3d 651, 654 (5th Cir. 1996)); *see also In re Oparaji*, 698 F. 3d 231, 235 (5th Cir. 2012).  However, the court reviews findings of fact made by the Bankruptcy Court under the clearly erroneous standard.  *In re Crowell*, 138 F.3d 1031, 1033 (5th Cir. 1998); *In re Beaubouef*, 966 F.2d 174, 177 (5th Cir. 1992).

**B.     Analysis**

The court will analyze each of the issues raised by RHHC *in seriatim*.

**1.     Meeting the Initial Burden**

The court reviews the first issue presented by RHHC's *de novo* because it concerns a question of law.

RHHC argues that Bankruptcy Court improperly applied *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), because it found that the burden shifted to RHHC to come forward with an issue of material fact even though HCCI's motion only contended that RHHC had no evidence to prove its case.  Dkt. 8.  RHHC contends that, under *Celotex*, the movant must identify portions of the record that demonstrate the absence of a material fact and cannot merely state that the non-movant has no evidence to support its case.  *Id.*

HCCI argues that their motion correctly identified the portion of the record demonstrating the absence of a genuine issue of material fact that the Joint Venture was not paying its debts as they became due.  Dkt. 10 (citing Dkt. 2-2 at 385–93 (motion for summary judgment)).  The motion contains the following heading: "No Evidence of Not Paying Debts As they Come Due."  Dkt. 2-2 at 391.  The motion then notes that the Bankruptcy Court cannot order relief in an involuntary bankruptcy case unless the debtor is generally not paying debts as they are due, and the financial documents and job cost reports produced by RHHC provided "no evidence that there are any unpaid debts" of the Joint Venture.  Dkt. 2-2 at 392.

RHHC argues, in reply, that "[s]ome reference to documents that were produced has to state a specific reason why [HCCI] believed that the voluminous documents ultimately presented no genuine issue of material fact whether the Debtor was paying its debts as they became due."  Dkt. 12.

6

The court disagrees with RHHC.  In *Celotex*, the U.S. Supreme Court noted that the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  However, it determined that there was "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.*  Here, HCCI pointed to the evidence offered and stated that it did not present an issue of material fact that the Joint Venture was not paying its debts.  *See* Dkt. 2-2 at 392.  It was then up to the non-movant at that point to demonstrate that there was an issue of material fact.  The court, after conducting a *de novo* review, finds that Bankruptcy Court did not err in determining that the burden shifted to RHHC.  The objection presented in RHHC's first issue is OVERRULED.  The Bankruptcy Court's finding on this issue is AFFIRMED.

**2.     Burden to Amend the Bankruptcy Schedules**

The court reviews the second issue presented by RHHC *de novo* because it concerns a question of law.

The Bankruptcy Court stated:

> Despite the extensive discovery that has taken place, and the amount of time RHHC has had to review the documents, RHHC has not amended the schedules and statement of financial affairs to identify any debts.  If the discovery resulted in evidence that there were debts owed by the Partnership, RHHC had an affirmative duty to amend its schedule and statement of financial affairs to reflect them.
> . . . .

Dkt. 2-2 at 841.

7

RHHC contends that this finding was in error because it did not have a burden to amend the Bankruptcy Schedules.  Dkt. 8.  RHHC notes that it is a general partner of the Joint Venture, and it argues that only the *debtor* (the Joint Venture) has an obligation to file and amend the schedules and statements, citing Bankruptcy Rule 1007(a)(2).  Dkt. 8.

HCCI, citing Bankruptcy Rule 1007(g), asserts that general partners have a duty to prepare and file schedules of assets and liabilities and, as such, have a corresponding duty to amend those schedules if they are incorrect.  Dkt. 10.  HCCI additionally contends that, regardless, RHHC waived this argument for purposes of appeal because it did not raise this argument in the Bankruptcy Court until it filed its motion to reconsider.  *Id.* (citing *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005)).

In reply, RHHC asserts that HCCI' argument "completely mistate[s] what is required of a petitioner in an involuntary bankruptcy case prior to the entry of an order for relief."  Dkt. 12.  RHHC contends that Rule 1007(g) only applies *after* the order for relief.  *Id.*  RHHC points out that it was never ordered to file schedules on behalf of the Joint Venture.  *Id.*  RHHC does not address the waiver argument.  *See id.*

Under Bankruptcy Rule 1007(a)(2), in an involuntary bankruptcy case, "the *debtor* shall file, within seven days *after entry of the order for relief*, a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms."  Fed. R. Bankr. P. 1007(a)(2).  Bankruptcy Rule 1007(b)(1) requires "the debtor, unless the court orders otherwise" to file various "schedules, statements, and other documents . . . ."  Fed. R. Bankr. P. 1007 (b)(1) (emphasis added).  Under Bankruptcy Rule 1007(c), in an involuntary case, "the schedules, statements, and other documents required by subdivision (b)(1) shall be filed by the debtor within 14 days *after the entry of the order for relief*."  Fed. R. Bankr. P. 1007(c) (emphasis

8

added).  Under Bankruptcy Rule 1007(g), the "general partners of a debtor partnership shall prepare and file the schedules of the assets and liabilities, schedule of current income and expenditures, schedule of executory contracts and unexpired leases, and statement of financial affairs of the partnership." Fed. R. Bankr. P. 1007(g).  Thus, RHHC, as a general partner of the Joint Venture (the Alleged Debtor), had a duty to "prepare and file the schedules" under Rule 1007(g), but the schedules required by Rule 1007(b)(1) were not *due* until fourteen days after the entry of the order for relief.

However, notwithstanding the absence of an order for relief, RHHC filed schedules and amended schedules.  At the very least, counsel for the filing party had a duty as an officer of the court to file amended schedules if discovery revealed that the schedules on file were incorrect. RHHC's argument that is had no such obligation is nonsensical.[1]

Moreover, the Bankruptcy Court's finding that RHHC had a duty to amend the schedule was made in the context of its finding that HCCI had satisfied its burden and the burden thus shifted to RHHC to come forward with evidence.  The Bankruptcy Court found that because the amended schedules on file did not show debts owed by the Joint Venture and RHHC had not amended these schedules to provide evidence of unpaid debts, HCCI met the burden of establishing that "the record presented to the Court is sufficient under *Celotex* to require the party with the burden of proof to present evidence in support of that burden." Dkt. 2-2 at 841.  Thus, even if RHHC did not have a burden to amend the schedules and failed to do so, it still had the opportunity to present evidence for trial with its response to the motion for summary judgment.

---

[1]  Furthermore, RHHC indicated in its notice of filing of amended schedules that it would amend the amended schedules and SOFAs "once the books and records of the Debtor can be accessed." Dkt. 2-2 at 69.

The court, after conducting a *de novo* review, finds no error in the Bankruptcy Court's statement that RHHC has an obligation to amend the schedules.  The objection in RHHC's second issue presented is OVERRULED.  The Bankruptcy Court's order is AFFIRMED with regard to this issue.

### 3.      Disclaimers in Amended Schedules

The court reviews the third issue presented by RHHC under a clearly erroneous standard because this issue relates to the Bankruptcy Court's factual findings.

RHHC contends that the Bankruptcy Court committed a fundamental error in relying on the amended schedules when shifting the burden to RHHC because the amended schedules contain a specific disclaimer that they were unreliable.  Dkt. 8 at 18.  The disclaimer RHHC included when if filed the amended schedules reads as follows:

> [RHHC] has filed the attached Amended Schedules and SOFAs in good faith, providing the information available.  However, [RHHC] cannot warrant or represent that these Amended Schedules and SOFAs are accurate and reliable as they have been filed without the benefit of reviewing the books and records of the Debtor.  Thus the information provided should not be relied upon for accuracy, and the Amended Schedules and SOFAs are subject to amendment once the books and records of the Debtor can be accessed.

Dkt. 2-2 at 69 (notice of filing amended schedules and SOFAs).

RHHC supports its argument that the Bankruptcy Court's reliance on this admittedly unreliable evidence to shift the burden was clearly erroneous with Justice White's statement in his *Celotex* concurrence that "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." 477 U.S. at 328 (White, J., concurring).  The argument appears to be that because the record

contained a disclaimer, it was as if HCCI, in pointing to the schedules, was merely relying on a conclusory assertion that there was no evidence.

The court prefers to rely on the U.S. Supreme Court's discussion of the movant's burden in the *Celotex* majority opinion:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323.  The Court specifically stated that it found "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.* (emphasis in original).  The Court summed up by noting, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."  *Id.* at 323–24.

Here, when HCCI moved for summary judgment, it pointed to portions of the record on file with the court and noted that the amended schedules were insufficient evidence that the Joint Venture was generally not paying its debts at the time the petition was filed.  The fact that RHHC admitted when filing the amended schedules that they were unreliable does not change the fact that the record did not contain sufficient evidence to support an essential element of RHHC's claim.  It was appropriate to shift the burden to the party bearing the burden at trial when there was no evidence in the record of an essential element and HCCI specifically identified the portion of the record that did not support RHHC's claim—the allegedly unreliable schedules.  The Bankruptcy

11

Court appropriately considered the record before it and determined that the next step was for RHHC to come forth with evidence that there indeed was a triable issue.

The court finds no error in the Bankruptcy Court's reliance on the absence of proof in the amended schedules to shift the burden to RHHC to prove there was an issue of material fact. The objection contained in RHHC's third issue presented in OVERRULED. The Bankruptcy Court's order is AFFIRMED with regard to this issue.

### 4.    Debts Subject to Litigation at the Time Petition Filed

The court reviews the portion of the fourth issue presented that relates to debts subject to litigation *de novo* because the alleged error is an issue of law.

The Bankruptcy Court found that two of the debts presented by RHHC in its response were subject to bona fide dispute because the debts were subject to pending lawsuits that were "'answered and disputed.'" Dkt. 8 at 25 (quoting the Bankruptcy Court's order). RHHC argues that caselaw does not support this conclusion and that the "mere existence of pending litigation or the filing of an answer is insufficient to establish the existence of a bona fide dispute." *Id.* (citing various non-binding authority).[2]

The main case relied upon by RHHC is *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057 (9th Cir. 2001). In *Vortex Fishing*, the Ninth Circuit held first that a Bankruptcy Court's determination whether a debt is subject to a bona fide dispute is "essentially a factual inquiry" and thus subject to review under the clearly erroneous standard. 277 F.3d at 1064 (agreeing with the Fifth Circuit and the Eighth Circuit with regard to the appropriate standard of review) (citing *In re*

---

[2] RHHC additionally contends that in one of the disputes, the party alleging that the Joint Venture owed it money obtained a judgment in its favor after the Memorandum Opinion was filed. *Id.* The court, however, cannot consider this judgment as it is outside of the Record considered by the Bankruptcy Court. *See* Part II, *supra*.

*Sims*, 994 F.2d 210, 221 (5th Cir. 1993), and *In re Rimell*, 946 F.2d 1363, 1365 (8th Cir. 1991)).  The

court then noted that it must "'determine whether there is an objective basis for either a factual or

a legal dispute as to the validity of the debt.'"  *Id.* (quoting *In re Busick*, 831 F.2d 745, 750

(7th Cir. 1987)).  As to whether one of the debts at issue was subject to a bona fide dispute, the court

noted that the "mere existence of pending litigation or the filing of an answer is insufficient to

establish the existence of a bona fide dispute," and the "'existence of a counterclaim against a

creditor does not automatically render the creditor's claim the subject of a "bona fide dispute."'"

*Id.* at 1066 (quoting *In re Seiko Inv., Inc.*, 156 F.3d 1005, 1007 (9th Cir. 1998)).  It found, however,

that the "existence of affirmative defenses may suggest that a bona fide dispute exists."  *Id.* at 1067.

The court then considered the substance of the litigation over the alleged debt and determined that

the Bankruptcy Court did not clearly err in finding that the debt at issue was subject to a bona fide

dispute.  *Id.*

The Fifth Circuit, like the Ninth Circuit, uses clearly erroneous review and the objective test

discussed by the Ninth Circuit in *In re Vortex Fishing Systems*.  *In re Sims*, 994 F.2d at 221.  "Under

that objective standard, the bankruptcy court must 'determine whether there is an objective basis for

either a factual or legal dispute as to the validity of the debt.'"  *Id.* (quoting *In re Rimell*, 946 F.2d

1363, 1365 (8th Cir. 1991)).  Under this test,

> [t]he petitioning creditor must establish a prima facie case that no
> bona fide dispute exists.  Once this is done, the burden shifts to the
> debtor to present evidence demonstrating that a bona fide dispute
> does exist. . . . Because the standard is objective, neither the debtor's
> subjective intent nor his subjective belief is sufficient to meet this
> burden. . . . The court's objective is to ascertain whether a dispute that
> is bona fide exists; the court is not to actually resolve the dispute.

*In re Rimmell*, 946 F.2d at 1365; *see also In re Sims*, 994 F.2d at 221 (quoting the standard from *In

re Rimmell*).  While the Fifth Circuit has noted that bankruptcy courts "routinely consider the

13

existence and character of pending but unresolved litigation as evidence of a bona fide dispute," it also has indicated that the mere existence of pending litigation is not dispositive. *In re Green Hills Dev. Co.*, 741 F.3d 651, 659 (5th Cir. 2014) (noting that the bankruptcy court had conducted a "thorough, independent review of the evidence" from the litigation related to the alleged debt).

Here, the Bankruptcy Court noted that the lawsuits were *answered and disputed* by Hassell Construction Company, Inc. *See* Dkt. 2-2 at 848. However, the Bankruptcy Court cited to HCCI's reply to its motion for summary judgment to support this finding, and the reply contains only a conclusory statement asserting that the lawsuits were answered and disputed. *See* Dkt. 2-2 at 848 (memorandum opinion quoting ECF No. 122 at 6, which is the reply); Dkt. 2-2 at 780–81 (reply) ("The very fact that these are lawsuits, answered and disputed by HCCI, make the claims for payment asserted therein contested, and therefore they do not qualify to be included or counted as debts of the alleged debtor which are not being paid."). There does not appear to be an answer or any documents in the record relating to these lawsuits other than the petitions and a motion for summary judgment filed by the plaintiff, Texan Floor Services, Ltd. *See* Dkt. 2-2 at 593 (original petition in *Applied Finish Systems v. Hassell Construction Company, Inc., et al.*); Dkt. 2-2 at 601 (original petition in *Texas Floor Service, Ltd. v. R. Hassell Builders, Inc.*); Dkt. 2-2 at 611 (Texan Floor's motion for summary judgment). Thus, the court is unable to make an independent review using the objective test to determine if there appeared to be a bona fide dispute as to the Joint Venture owing the debt or if instead it was just not paying the debt and got sued. The court, of course, cannot rely solely on HCCI's conclusory allegation that the debt was disputed, as it does not meet the Rule 56 standard.

Therefore, the court REMANDS this case to the Bankruptcy Court so that it may make a determination under the objective standard set forth in *In re Sims* as to whether the debts that were subject to litigation were, indeed, the subject of a bona fide dispute.

### 5.     Debts Subject to Arbitration at the Time of the Petition

The court reviews the portion of the fourth issue presented that relates to debts subject to arbitration *de novo* because the alleged error is an issue of law.

The Bankruptcy Court additionally found that the debt the Joint Venture allegedly owed to RHHC was subject to a bona fide dispute because it was subject to arbitration before the American Arbitration Association.  Dkt. 2-2 at 849.  RHHC contends that this conclusion, like the conclusion regarding the debts that were subject to litigation, is not supported by caselaw.  Dkt. 8.  HCCI argues that RHHC misconstrues the Bankruptcy Court's holding, pointing out that the Bankruptcy Court discussed the "'alleged bad faith conduct of HCCI, alleged disloyal conduct in breach of the partnership agreement, alleged misappropriation and misapplication of partnership revenues'" when determining that "these debts are subject to a bona fide dispute as to liability or amount."  Dkt. 10 at 30 (quoting the Bankruptcy Court's order on the motion for summary judgment).

The court has reviewed the record and concludes that the Bankruptcy Court's finding that the debt that was subject to arbitration was subject to a bona fide dispute is not clearly erroneous.  The Bankruptcy Court considered more than the fact that the arbitration was pending and instead looked at the substance of the arbitration as evidence by documents attached to HCCI's reply to RHHC's response to HCCI's motion for summary judgment.  *See* Dkt. 2-2 at 849.  The court finds that the evidence the Bankruptcy Court considered was sufficient to satisfy the *In re Sims* objective standard. The objection contained in RHHC's fourth issue presented relating to debts subject to arbitration is OVERRULED.  The Bankruptcy Court's finding on this issue is AFFIRMED.

### 6.        Findings Regarding Current and Delinquent Debts Remaining

The court reviews the fifth issue presented by RHHC under a clearly erroneous standard because this issue relates to the Bankruptcy Court's factual findings.

The Bankruptcy Court considered the following debts as "unpaid and not subject to a bona fide dispute" as of the date of the petition: (1) Traffic Systems Construction, Inc. (McCain), $49,070.77; (2) Joslin Construction, $3,131.34; (3) Kone, Inc., $44,650.00; (4) Railroad Commission of Texas, $1,000.00; and (5) One Way Striping & Signs LLC, $1,400.00. Dkt. 2-2 at 850. The Bankruptcy Court ultimately concluded, however, that RHHC had not produced sufficient evidence that the debts to Traffic Systems Construction, Inc. (McCain) and to Joslin Construction were due as of the February 5, 2015 petition date. *Id.* at 851. The court noted that the invoices resulted from work completed in November and December 2014. *Id.* The court found that the evidence in the record relating to the other three debts indicated that they were old enough to justify an inference that they were due as of the petition date. *Id.*

RHHC argues that the Bankruptcy Court erred in its determination that the debt to Traffic Systems Construction, Inc. (McCain) was not due on the petition date. Dkt. 8 at 21–23. To support this argument, RHHC points to an exhibit it attached to its response to HCCI's motion for summary judgment. Dkt. 8 at 22. This exhibit is dated February 13, 2015, and it states that McCain, Inc., has a "claim" for labor and materials provided to Traffic Systems Construction Inc. in November 2014. Dkt. 2-2 at 642–43. According to this document, the amount of the claim is $49,070.77. *Id.* RHHC had argued in its motion to strike the evidence HCCI submitted with its reply to RHHC's response to HCCI's motion for summary judgment that this exhibit "'clearly proves that a debt of $49,070.77 was due as of February 13, 2015, for work performed in November 2014.'" Dkt. 10 at 22 (quoting the motion to strike). February 13, 2015, however, is eight days *after* the petition date of February

16

5, 2015. Thus, the exhibit does not "clearly prove" that the a debt owed by the Alleged Debtor was due on February 5, 2015 (the petition date).

RHHC additionally supports its argument by pointing to a spreadsheet provided to the Bankruptcy Court by Phillip Hassell that sets forth the status of various debts outlined in RHHC's response to HCCI's motion for summary judgment.[3]  Dkt. 8 at 23 (citing Dkt. 2-2 at 797 (a spreadsheet attached to Phillip Hassell's declaration)).  In the declaration, Hassell states that the spreadsheet was prepared at his direction from the records of Hassell Construction Company, Inc. Dkt. 2-2 at 794.  The spreadsheet indicates that a debt to Traffic Systems (McCain) for $447,669.49 was paid by check on January 6, 2015.  Dkt. 2-2 at 797.  The spot in which one would fill in the date on which the check cleared is empty.  *See id.*  RHHC argues that this is an admission that the debt to Traffic Systems (McCain) was due and owing as of the petition date.  Dkt. 8 at 23.

What is curious is that the debt to Traffic Systems (McCain) that is noted in RHHC's exhibits is a debt for $49,070.77, not $447,669.49.  *See* Dkt. 2-2 at 642.  The spreadsheet that was attached to Phillip Hassell's declaration (provided with HCCI's reply) refers to RHHC's exhibit R-7, but it shows that a check was written to cover a debt for $447,669.47, not a debt for $49,070.77.  Dkt. 2-2 at 797.  Regardless, even if it is the same debt or part of the debt for the same job, the fact that the spreadsheet does not have a date on which the check cleared is hardly sufficient evidence to create an issue of material fact that the Joint Venture was not paying a debt that was due the date of the petition.  The only evidence in the record establishes that the debt for $49,070.77 was for work completed in November 2014 and that it was due at least by February 13, 2015.  *See* Dkt. 2-2 at 642 (Feb. 13, 2015 claim by Traffic Systems (McCain)).  There is no evidence in the record it was due

---

[3]  Phillip J. Hassell is the president of Hassell Construction Company, Inc. (one of the appellees).  Dkt. 2-2 at 794.

17

on the date of the petition, February 5, 2015.  Even if the payment noted on the spreadsheet relates

to this debt, the fact that a check was written prior to the petition date also does not necessarily mean

the debt was due.  The court finds no clear error in the Bankruptcy Court's finding that the debt was

not old enough to be considered as evidence that the Joint Venture was generally not paying its debts

as of the petition date.  The objection contained in RHHC's fifth issue presented is OVERRULED.

The Bankruptcy Court's finding on this issue is AFFIRMED.

### 7.    Alleged Inconsistency in Bankruptcy Court's Opinion

The court reviews the sixth issue presented by RHHC under a clearly erroneous standard

because this issue relates to the Bankruptcy Court's factual findings.

RHHC argues that there is an inconsistency in the Bankruptcy Court's findings regarding

which debts were due and undisputed as of the petition date.  *See* Dkt. 8 at 25.  It points out that on

page 11 of the memorandum opinion, the Bankruptcy Court noted that three debts were undisputed

and outstanding as of the petition date, and then on the table on page 17 of the order, the Bankruptcy

Court did not include two of these debts as being due as of the petition date.  *Id.*  RHHC argues that

these "two findings are hopelessly inconsistent and render as confusing the penultimate finding of

the ratio of undisputed debts that were due as of the Petition Date as compared to the undisputed

debts that had not yet come due as of the Petition Date."  *Id.* at 26.

On page 11 of the order, the Bankruptcy Court found, after considering evidence relating to

debts that remained unpaid as of the petition date, that three debts were "undisputed and outstanding

as of the petition date": (1) Traffic Systems Construction Inc. ($49,070.77), (2) Joslin Construction

($3,131.34), and (3) Kone, Inc. ($44,650.00).  Dkt. 2-2 at 845.  Then, on page 16 of the order, the

Bankruptcy Court again notes that these and two other debts were "unpaid and not subject to a bona

fide dispute as of the petition date."  *See id.* at 850.  It noted that it "must now determine whether

18

RHHC has produced sufficient evidence to allow a factfinder to reasonably conclude that these debts were *due* as of the petition date." *Id.* (emphasis added).  The Bankruptcy Court noted that an invoice that was unpaid as of the petition date is insufficient, standing alone, to allow the factfinder to conclude that the invoice was due.  *Id.*  The court concluded that debts to Traffic Systems Construction and Joslin Construction, which were incurred in November 2014 and December 2014, respectively, "were not old as of the petition date"—February 5, 2015.  *Id.* at 851.  It found that the age of the debts to Kone, Inc. and the two other debts it considered as due (which were due on October 7, 2014, June 11, 2014, and November 2013, respectively) was sufficient to allow it to draw an inference that the debts were due as of the petition date.[4]  *Id.*  The Bankruptcy Court provided a table that set forth the debts that were due and not due as of the petition date.  *Id.*  It is this chart that RHHC contends is inconsistent with the court's finding on page 11 that the debts to Kone, Inc., Traffic Systems (McCain), and Joslin were undisputed and outstanding.  However, the Bankruptcy Court was clear that there is a distinction between *outstanding* and *due*.  The court finds no inconsistency and no clear error.  The objection contained in RHHC's sixth issue presented is OVERRULED.  The Bankruptcy Court's findings with respect to this issue are AFFIRMED.

## 8.     Outstanding Claim by the U.S. Department of Labor

The court reviews the seventh issue presented by RHHC *de novo* because it concerns a question of law.

The Bankruptcy Court set forth all of the alleged debts in a table on page 5 of its order. Dkt. 2-2 at 838–39.  In this table, it listed a debt to the U.S. Department of Labor for $420,300.00 as outstanding as of February 6, 2015, and it stated that it was unknown whether the debt was

---

[4]  There was no invoice in the record from Kone, Inc., but there were emails indicating that the debt was outstanding in September and October of 2014.  *See* Dkt. 2-2 at 850–51.

disputed by HCCI.  *Id.* at 839.  The Bankruptcy Court did not, however, include this debt in its table of debts that were due and undisputed as of the petition date.  *Id.* at 851.  RHHC contends that this fact "proves the point that, under *Celotex*, there was a genuine issue for trial that was established by [RHHC's] evidence submitted in support of its [summary judgment] Response."  Dkt. 8 at 24.

HCCI points out that RHHC failed to cite any evidence supporting its contention that the debt to the U.S. Department of Labor was outstanding as of the petition date.  Dkt. 10 at 32.  In the memorandum opinion, the Bankruptcy Court noted that the "alleged debt to the United States Dept. of Labor was first asserted post-petition."  Dkt. 2-2 at 845 n.5.  The court thus held that it would not consider the debt in its § 303(h)(1) analysis.  *Id.*

The court has reviewed, *de novo*, the briefing and the documents submitted by RHHC to support this debt, and it appears that the U.S. Department of Labor issued various citations to Hassell Construction Company pertaining to Hassell 2012 Joint Venture Contracts for acts occurring on February 6 and February 7, 2015.  *See* Dkt. 2-2 at 508 (Royce Hassell declaration); Dkt. 2-2 at 524–48 (citations and invoices).  The citations were not issued until July 2015.  Dkt. 2-2 at 524, 529–48.  Thus, they are not evidence that the Alleged Debtor was generally not paying its debts as of the petition date—February 5, 2015.  The objection contained in RHHC's seventh issue presented is OVERRULED.  The Bankruptcy Court's finding that the debt to the U.S. Department of Labor should not be considered in its analysis is AFFIRMED.

### 9.    Acme Architectural Hardware

The court reviews the issue presented relating the Acme Architectural Hardware *de novo* because it concerns a question of law.

Like the alleged debt to the U.S. Department of Labor, RHHC contend that the Bankruptcy Court listed a debt for $13,433.55 to Acme Architectural Hardware ("Acme") on its table on page

20

5 of the order but did not consider it in its table of debts that were due and undisputed as of the petition date.  Dkt. 8 at 24–25.  In the chart on page 5 of the Bankruptcy Court's memorandum opinion, the Bankruptcy Court listed a debt to Acme as being outstanding on February 6, 2015 (the day after the petition) and being paid (allegedly) on this same date.  Dkt. 2-2 at 839.

The court has conducted a *de novo* review of the arguments and evidence.  The evidence attached to RHHC's response to the motion for summary judgment includes an email from a person at Acme to Hassell Construction on February 6, 2016—one day *after* the petition.  Dkt. 2-2 at 651 (exhibit R-9 to the Royce Hassell declaration).  The email states that an order Acme needed "to get payment on" was attached.  Dkt. 2-2 at 651.  The email states that Hassell Construction was supposed to provide a credit card for payment.  *Id.*  Then, an email string that appears to be internal amongst the Hassell group of companies indicates that they had not seen the invoice before.  *Id.* at 650.  There is no evidence in the record that the Joint Venture had an invoice that was due on the date of the petition—the day before this email.  Thus, it was proper for the Bankruptcy Court to determine that this debt should not be included in the debts that were demonstrative of the Joint Venture generally not paying its debts as of the petition date.  RHHC's objection to the Bankruptcy Court's findings regarding the Acme debt is OVERRULED.  The Bankruptcy Court's determination on this issue is AFFIRMED.

### 10.    Incorrect Ratio of Debts

The court reviews the eighth issue presented by RHHC under a clearly erroneous standard because it relates to the Bankruptcy Court's findings of fact.

The Bankruptcy Court found that the "record at this stage reflects that $47,050.00 [in debt] was undisputed and due as of the petition date," which represents "approximately 47% of all outstanding and undisputed debts of the Partnership as of the petition date."  Dkt. 2-2 at 852.  The

court held that the "ratio of delinquent to current debts is not supportive of a pattern of the Partnership generally not paying its debts as they become due." *Id.* It further found that "the totality of the circumstances reflects that the few debts remaining as of the petition date reflect a pattern of payment of debts by the partnership [and] . . . failure to pay two relatively small obligations is a far cry from a general failure to pay debts as they come due." *Id.*

RHHC argues that the Bankruptcy Court erred in finding that the ratio of debts due as of the petition date versus debts that were not due as of the petition date was 47 percent to 53 percent. Dkt. 8 at 4. RHHC does not take issue with the Bankruptcy Court's math; rather, it asserts that the ratio is incorrect because the Bankruptcy Court's determinations about which debts were due on the petition date were incorrect, thus throwing off the ratio. *Id.* at 21–26. HCCI argues that RHHC failed to carry its burden and that affirming the Bankruptcy Court is therefore proper. Dkt. 10 at 36.

The court makes no determination regarding this issue. If the Bankruptcy Court determines on remand that the debts that were subject to pending litigation were indeed subject to bona fide dispute, then there is no error. If, however, the Bankruptcy Court determines that the debts were not subject to a bona fide dispute, then the Bankruptcy Court is instructed to recalculate these percentages and determine if the new calculations impact its conclusion.

### 11.    New Evidence with Reply

The court reviews the ninth issue presented by RHHC *de novo* because it concerns a question of law.

RHHC contends that the Bankruptcy Court inappropriately considered new evidence that the HCCI submitted in its reply to RHHC's response to HCCI's motion for summary judgment. Dkt. 8 at 26–27. RHHC argues that it is procedurally inappropriate to submit evidence for the first time in a reply brief. *Id.* at 27 (citing *Tovar v. United States*, No. CIV. A 3:98-CV-1682, 2000 WL 425170,

22

at *4 n.8 (N.D. Tex. Apr. 18, 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 135 (5th Cir. 2000)).   It also

contends that if a court permits a party to submit evidence in a reply, the non-moving party should

be given an opportunity to respond to the evidence.   *Id.*

      HCCI notes that its reply brief, to which it attached rebuttal evidence, was filed on August

24, 2016, and the Bankruptcy Court did not issue its order until approximately thirty days later.

Dkt. 10 at 37.   RHHC, however, did not file a response to the rebuttal evidence or even seek leave

to file a response.   *Id.*   Instead, it filed a motion to strike.   *Id.*   HCCI asserts that the Bankruptcy

Court correctly considered the rebuttal reply brief evidence, subject to RHHC's objections in its

motion to strike.   *Id.*

      In its memorandum opinion, the Bankruptcy Court noted that RHHC objected to HCCI's

introduction of evidence with its reply. Dkt. 2-2 at 842.   It agreed that a reply is "'not the appropriate

vehicle for presenting new arguments or legal theories,'" but found that the materials submitted were

"directly responsive and related to the evidence and arguments raised by RHHC in its response."

*Id.* (quoting *AAR, Inc. v. Nunuz*, 408 F. App'x 828, 830 (5th Cir. 2011)).   Specifically, in RHHC's

response, it identified several alleged debts of the Joint Venture. Dkt. 2-2 at 476.   HCCI attached

evidence to its reply to controvert these allegations.   Dkt. 775.   The Bankruptcy Court specifically

stated that it would consider the evidence and also would consider the objections to the admissibility

of the evidence contained in RHHC's motion to strike.   Dkt. 2-2 at 843.

      The court agrees with the Bankruptcy Court that it was within the court's discretion to

consider the evidence that was submitted in reply because it was directly responsive to new evidence

submitted by RHHC in its response.   *See Lynch v. Union Pacific RR Co.*, No. 3:13-CV-2701-L, 2015

WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (Lindsay, J.) ("Because Defendant's reply and related

evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary

judgment response, this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply."). The court additionally notes that RHHC could have moved to file a sur-reply to address these issues, and it had adequate time to do so. *See, e.g.*, *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *5 (S.D. Tex. Mar. 23, 2017) (Harmon, J.) ("While the [Rules] . . . do not expressly permit the filing of a sur-reply by a non-movant to a movant's rebuttal brief, '[a] sur-reply is appropriate by the non-movant . . . when the movant raises new legal theories or attempts to present new evidence at the reply stage.'" (quoting *Murray v. TXU Corp.*, No. Civ. A 3:03CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005))). Moreover, it is clear that the Bankruptcy Court considered the arguments contained in the motion to strike, which actually respond to the evidence in the reply.[5] *See, e.g.*, Dkt. 2-2 at 810 (motion to strike) ("Of the nine new exhibits, Exhibits A-D and Exhibits 1, 3,4 and 5 attached to the Phillip Hassell Declaration are completely irrelevant. The only marginally relevant exhibit is Exhibit 2 to the Phillip Hassell Declaration."). This objection is OVERRULED, and the portion of the Bankruptcy Court's memorandum opinion relying on the evidence attached to the reply is AFFIRMED.

---

[5] In the motion to strike, RHHC contends that it would need to depose the "unidentified person who prepared [Exhibit 2] to the Phillip Hassell Declaration" in order to respond to it. Dkt. 2-2 at 810. The court notes, however, that RHHC actually relies on Exhibit 2 to the Phillip Hassell Declaration to support its argument that the debt to Traffic Systems (McCain) was due on the date of the petition. RHHC has thus effectively waived any objection to the exhibit by relying on it to support its arguments. Since this is the only exhibit RHHC felt was relevant, any arguments now presented that RHHC should have been given more of an opportunity to rebut the evidence is completely disingenuous. Additionally, RHHC provided significant argument regarding why it believed the other exhibits were irrelevant in the motion to strike, and the Bankruptcy Court expressly states that it considered these arguments.

### 12.     Failure to Conclude RHHC Produced a Genuine Issue of Material Fact

The court reviews the tenth issue presented by RHHC *de novo* because it concerns a mixed question of law and fact.

RHHC's final point of error is a general contention that the Bankruptcy Court erred in failing to find that there was a genuine issue of material fact for trial.  Dkt. 8 at 29.  RHHC states that "[s]pecific facts were addressed in the declaration of Royce Hassell and the 22 exhibits attached to [RHHC's] SJ Response that clearly establish that there existed a genuine issue for trial." *Id.*  The court makes no determination on this issue at this time.  If the Bankruptcy Court determines on remand that the debts that were subject to pending litigation were indeed subject to bona fide dispute, then there is no error.  If, however, the Bankruptcy Court determines that those debts were not subject to a bona fide dispute, then the Bankruptcy Court is instructed to determine if the new calculations of the debt ratio indicate there is a genuine issue of material fact for trial.

## V. CONCLUSION

HCCI's motion to strike (Dkt. 11) is GRANTED.

With regard to RHHC's appeal, the Bankruptcy Court's memorandum opinion and order granting summary judgment is AFFIRMED IN PART.  The case is otherwise REMANDED to the Bankruptcy Court for additional findings of fact regarding whether the debts that were subject to litigation on the petition date were the subjects of bona fide disputes on that date.  If the Bankruptcy Court finds that they were, it may dismiss this case in its entirety.  If, however, the Bankruptcy Court finds that either or both of the debts were not subject to a bona fide dispute on the date of the petition, then it is instructed to reconsider its overall calculation to determine if summary judgment is appropriate when one includes that debt or those debts in the undisputed and due part of the overall analysis.

Signed at Houston, Texas on July 24, 2017.

Gray H. Miller
United States District Judge